STATE EX REL. ALLIS and others, Relators, vs. CIRCUIT COURT FOR MILWAUKEE COUNTY and others, Respondents.

*January 16—February 9, 1926.*

*Eminent domain: Condemnation of property: Election as to method of procedure: Right of election not repealed by home-rule amendment.*

1. A city of the first class may elect to exercise the power of eminent domain under ch. 571, Laws of 1919 (ch. 32, Stats. 1925); and such election is final and conclusive as to that particular proceeding. p. 268.
2. Said ch. 571, Laws of 1919, granting to a city of the first class the option of exercising the power of eminent domain for municipal purposes under that chapter or under other laws applicable to the city, was not repealed by the adoption of the home-rule amendment to the constitution. p. 268.

THIS IS AN ORIGINAL PROCEEDING in this court, being an application for a writ of prohibition for the purpose of stopping all further action in the circuit court for Milwaukee county in the matter of a proceeding therein pending in which the city of Milwaukee is attempting to acquire for park purposes blocks numbered 106 and 107 in the Third ward of that city.

For the relators there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Jackson B. Kemper* and *Albert K. Stebbins,* of counsel, all of Milwaukee, and oral argument by *Mr. Stebbins* and *Mr. Kemper.*

For the respondents there was a brief by *John M. Niven* and *Clifton Williams,* both of Milwaukee, and oral argument by *Mr. Williams.*

ROSENBERRY, J. In *State ex rel. Allis v. Wiesner,* 187 Wis. 384, 204 N. W. 589, that part of the charter of the city of Milwaukee there considered was held to be invalid as not affording a property owner a trial by jury in accord-

ance with constitutional provisions.   On the 20th day of
July, 1925, the common council adopted the following res-
olution:

"Whereas, this common council has heretofore deter-
mined that it is necessary to acquire blocks 106 and 107 in
the Third ward of the city of Milwaukee, bounded on the
north by Juneau avenue, on the east by Juneau place, on the
south by Biddle street, on the west by Astor street, partly on
the north by Martin street and partly on the west by Wav-
erly place, for an addition to Juneau Park; and

"Whereas, the city of Milwaukee has by purchase at an
agreed price purchased approximately one third of said
property; and

"Whereas, the city has been unable to enter into agree-
ments with the other property owners for the purchase of
said property at an agreed price; therefore be it

"Resolved, that the city attorney is hereby directed to file
a petition with the circuit court of Milwaukee county, Wis-
consin, under the provisions of chapter 32 and especially sec-
tion 32.04 of the statutes, for the condemnation of the por-
tions of said blocks which the city has been unable to buy;

"Resolved further, that this resolution shall not be a de-
cision on the part of the city of Milwaukee to proceed under
said chapter 32 in its entirety in any other case, and shall
not be construed as an election on the part of said city to
treat said chapter 32 of the general state statutes as an in-
divisible chapter."

Thereupon the city attorney of the city of Milwaukee, on
or about the 10th day of August, 1925, by petition applied
to the circuit court for Milwaukee county for an order fixing
the time for hearing upon said petition and for the service
of notice upon the several owners of real estate, which order
was granted fixing the 3d day of October, 1925, at 9:30
o'clock in the forenoon of that day, as the time for hearing
said petition, and further provided for service of notice.
Notice was duly served, and thereupon the circuit judge of
the circuit court for Milwaukee county directed that the
question of the necessity for the taking of the real estate

described in said petition be placed upon the jury calendar, on the assignment for the 19th day of November, 1925, and that later the date was changed to the 25th day of November, 1925. It is the claim of the relators that the circuit court for Milwaukee county has no jurisdiction whatever in the premises and that they are without adequate remedy. Thereupon they made application to this court by petition for a writ of prohibition as before stated.

We do not find it necessary to set out all of the matters alleged in the petition but shall state briefly the contention of the parties. The city charter of the city of Milwaukee, being a city of the first class, provided a scheme for the exercise of the power of eminent domain for municipal purposes, the details of which are set out in the case hereinbefore referred to. By ch. 571 of the Laws of 1919, now ch. 32, Stats., a general scheme applicable to all municipal corporations and companies having the right to exercise the power of eminent domain was passed. It contained the following provision:

"This chapter does not apply to the acquisition by municipalities of the property of public utilities used and useful in their business, nor to any city of the first class, except that every such city may conduct any condemnation proceedings either under this chapter or, at its option, under other laws applicable to such city."

The petition by respondent in circuit court recites that the petitioner proceeds under and in accordance with the provisions of ch. 32. It is the contention of the relators that the city of Milwaukee not having adopted said chapter in the manner authorized for the adoption of parts of the general charter, it is not in effect in said city and therefore confers no jurisdiction upon the circuit court for Milwaukee county; and it further contends that not being so in effect at the time the so-called home-rule amendment of the constitution of the state was adopted, it cannot now adopt it be-

cause under the provisions of that amendment, all state laws are invalid unless they affect all cities with uniformity.

The language quoted from sec. 32.03 is not happily chosen. It says literally that the law is not in effect in cities of the first class except that it is. It says that every such city (meaning of the first class) may at its option conduct condemnation proceedings either under the chapter or under other laws applicable to such city. If the city has the power to make such an election, it is because the statute is in force there. This provision cannot be construed to mean that the city must first adopt the chapter. The option of the city is the option to proceed under the chapter or proceed under the terms of its charter as it may choose.

The city in this case has elected to proceed under the provisions of ch. 32. That is final and conclusive so far as this proceeding is concerned. We are not concerned in this case with what effect the city's election to proceed under ch. 32 may have in the future or in some other case. Matters inserted in the petition and in the resolution not germane to a proceeding under ch. 32 are surplusage and cannot affect this case either one way or the other. We cannot if we were so inclined reach out and decide supposititious cases not within the issues presented.

The sole question presented here is whether or not the city, upon a petition filed by resolution adopted by the common council of the city, has a right to continue the proceeding in circuit court in accordance with the provisions of ch. 32. Having exercised the right of election conferred upon it by statute and having complied with the statute in all respects, it may properly proceed to a final determination.

The law was in force at the time the home-rule amendment was adopted, and it certainly was not repealed by the adoption of the amendment, nor is the city thereby deprived of its right of election.

*By the Court.*—The motion to quash is granted and the writ denied.